[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14678

_____

D. C. Docket No. 04-02317-CV-2-IPJ

DENNIS HARDY,
HENRIETTA HARDY,

Plaintiffs-Appellants,

versus

REGIONS MORTGAGE, INC.,

Defendant,

CENDANT CORPORATION,
REGIONS BANK,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 26, 2006)**

Before HULL and WILSON, Circuit Judges, and GOLDBERG[*], Judge.

HULL, Circuit Judge:

Dennis and Henrietta Hardy (the "Hardys") appeal the judgment entered against their complaint. The district court granted a judgment on the pleadings on the ground that no private right of action exists under § 10 of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2609. The Hardys do not dispute that, after obtaining their mortgage, they enrolled in a retail shopping discount program and authorized defendant Regions Mortgage, Inc. ("Regions") to add five dollars to their mortgage payment each month as payment for the program. Instead, the dispute here involves the Hardys' allegation that Regions violated RESPA and its corresponding regulations by failing to list their monthly five-dollar payment on their escrow account statement. See 24 C.F.R. § 3500.17(o). Because the Hardys' complaint involves a violation of RESPA § 10, for which no private right of action exists, we affirm.

## I. BACKGROUND

In 1996, the Hardys refinanced their home with Regions. Later that year, the Hardys received information from Cendant Corporation about "Shoppers Advantage," a program that provided discounts at participating retailers to

---

[*]Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

members of the program. Mrs. Hardy consented to have five dollars a month added to the Hardys' mortgage payment to enroll in the program. Over the next seven years, the Hardys forgot about their membership in "Shoppers Advantage." In 2003, the Hardys discovered that a five dollar monthly fee had been paid out of their escrow account but was not listed on their mortgage statements. The Hardys filed suit. They alleged that Regions had violated § 3500.17(o) of regulations under RESPA and that Regions had conspired with Cendant to violate RESPA. The Hardys also requested certification of a class action.

On a motion for judgment on the pleadings, the district court found that thte Hardys failed to allege a violation of RESPA § 6, for which Congress created a private right of action, but had instead alleged a violation of RESPA § 10, for which no private right of action exists. The district court entered a judgment on the pleadings against the Hardys.

## II. STANDARD OF REVIEW

We review de novo the grant of judgment on the pleadings by the district court. Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1213 (11th Cir. 2001). In reviewing a judgment on the pleadings, "[w]e must accept all facts in the complaint as true and view them in the light most favorable to the plaintiffs." Id. (quotation marks omitted).

3

## III. DISCUSSION

The Hardys argue that the district court erred by entering judgment against their complaint, in which they alleged that Regions violated § 3500.17(o) of the regulations implementing RESPA and conspired with Cendant to violate § 3500.17(o). The Hardys contend that § 3500.17(o) was promulgated under RESPA § 6. Because § 6 provides an express private right of action, the Hardys conclude that a private right of action exists for the alleged failure by Regions to disclose the monthly five-dollar payments on their escrow account statements. We disagree.

RESPA is a consumer protection statute that regulates the real estate settlement process. See 12 U.S.C. § 2601(a). Sections 6 and 10 of RESPA regulate two different aspects of mortgage lending. The Hardys' complaint involves a violation of § 10, not § 6.

RESPA § 6 provides that "[e]ach person who makes a federally related mortgage loan" must disclose to loan applicants that "the loan may be assigned, sold, or transferred" while the loan is outstanding. 12 U.S.C. § 2605(a). Because a lender who "fails to comply with any provision of [§ 6] shall be liable to the borrower," § 6 provides an express private right of action. Id. § 2605(f)(1). The Hardys did not allege that Regions either transferred or failed to disclose a transfer

4

of their mortgage loan.

RESPA § 10 states that lenders must provide annual escrow account statements that clearly itemize "the amount of the borrower's current monthly payment . . . the total amount paid out of the escrow account during the period for taxes, insurance premiums, and other charges . . . , and the balance in the escrow account at the conclusion of the period." Id. § 2609(c)(2)(A). Under § 10, no private right of action exists because "the Secretary shall assess to the lender or escrow servicer failing to submit the statement a civil penalty." Id. § 2609(d)(1). The Hardys' complaint alleges facts that involve a violation of § 10.

The Secretary promulgated additional regulations for escrow account statements. See 24 C.F.R. § 3500.17. Under § 3500.17(o) of the regulations, "[a]ny borrower's discretionary payment . . . made as part of a monthly mortgage payment is to be noted on the initial and annual statements." Id. § 3500.17(o). A failure to comply with the requirements under § 3500.17 "shall constitute a violation of section 10(d) of RESPA." Id. § 3500.17(m)(1). Section 3500.17 of the regulations also states that "the Secretary shall assess a civil penalty" for violations. Id. The parties do not dispute that the five-dollar monthly payment is a "discretionary payment" within the meaning of the regulations and that the Hardys joined the "Shoppers Advantage" program and agreed to that "discretionary

5

payment" being added to their monthly mortgage payment.

The Hardys argue that Regions' failure to note the five-dollar monthly payment on the escrow account statements, and, thus, its failure to comply with regulation § 3500.17(o) is a violation of RESPA § 6. We disagree. First, the regulations explicitly state that failure to comply with § 3500.17 is a violation of RESPA § 10, not a violation of RESPA § 6. 24 C.F.R. § 3500.17(m)(1). Regulation § 3500.17 and RESPA § 10 both detail the items that a lender must disclose in an escrow account statement. See, e.g., id. § 3500.17(a), (g)-(j), (o); 12 U.S.C. § 2609(c)(1)(A), (c)(2)(A). Section 6, on the other hand, does not address the requirements of escrow account statements. See generally 12 U.S.C. § 2605.[1]

No private right of action exists for the harm alleged by the Hardys. Failure to comply with regulation § 3500.17(o) is a violation of RESPA § 10, and RESPA explicitly states that the Secretary of Housing and Urban Development enforces

_____

[1]We note that RESPA § 6 does contain a subsection addressing escrow accounts and the timing of payments from escrow accounts. See 12 U.S.C. § 2605(g). The Hardys argue that the Secretary's assertion that 24 C.F.R. § 3500.17 "establishes escrow accounting procedures under Sections 6(g) and 10" of RESPA demonstrates that § 3500.17(o) was enacted pursuant to RESPA § 6. See 59 Fed. Reg. 53890, 53890 (Oct. 26, 1994). This argument is misplaced. Section 3500.17 addresses a range of regulatory concerns, most of which fall under RESPA §10, but one of which falls under RESPA § 6(g). Notably, § 3500.17(k) addresses the timing of escrow account payments as set out in RESPA § 6(g). By contrast, § 3500.17(o) regulates the disclosure of discretionary payments in escrow account statements, a matter detailed in RESPA § 10(c)(2). Congress unambiguously designated authority to the Secretary to enact disclosure regulations under RESPA § 10, not § 6(g). Therefore, the Secretary's authority to promulgate § 3500.17(o) necessarily must come from RESPA § 10.

violations of § 10.  12 U.S.C. § 2609(d)(1).  The regulations also provide that "the Secretary shall assess" the penalties.  24 C.F.R. § 3500.17(m)(1).  "The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others."  Alexander v. Sandoval, 532 U.S. 275, 290, 121 S. Ct. 1511, 1521-22 (2001); see also Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997) (finding no "implied private civil remedy" under 12 U.S.C. § 2604(c) because, among other reasons, other provisions of RESPA explicitly provided for private civil remedies but § 2604(c) did not, and stating "[t]hat . . . indicates Congress did not intend such a remedy for § 2604(c) violations.").

The Hardys also allege that Regions and Cendant conspired to violate § 3500.17(o) of the regulations.  Because no private right of action exists for the substantive claim that the Hardys allege, their conspiracy claim also necessarily fails.

## IV. CONCLUSION

For the above reasons, we affirm the district court's grant of judgment on the pleadings against the Hardys.

**AFFIRMED.**

7