[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13318
Non-Argument Calendar
_____

D. C. Docket No. 07-20160-CV-FAM

MANUEL GRIFE, individually and on
behalf of all others similarly
situated,

Plaintiff-Appellant,

versus

ALLSTATE FLORIDIAN INSURANCE COMPANY,
a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 10, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Appellant Manuel Grife appeals the district court's order granting judgment

on the pleadings to Allstate Floridian Insurance Company ("Allstate") in this putative class action. After review, we affirm.

Grife owns a unit at the Admiral's Port Condominiums in North Miami Beach, Florida. Grife has a homeowner's insurance policy for his condominium unit (his "owner's policy") with Allstate.

In October 2005, the Admiral's Port Condominiums sustained damages to its common property during Hurricane Wilma. The Admiral's Port Condominium Association ("Condominium Association") has a separate master policy that insures the common property, but carries a substantial deductible. Under the Condominium Association's master policy, $719,080 of the Hurricane Wilma damage to the common property fell within the deductible. The Condominium Association levied special assessments against the individual unit owners to cover the damages not paid because of the substantial deductible. Grife's personal assessment was $1,226.56.

After the assessment, Grife filed a claim for the Condominium Association's $1,226.56 assessment under his personal owner's policy. Pursuant to his owner's policy, Allstate agreed to "pay [Grife's] share of any special assessments charged against the condominium owners by the association" as a result of loss to the condominium's collectively owned property. This provision, entitled "Loss

2

Assessments," also contains the following exclusion: "Any reduction or elimination of payments for losses because of any deductible applying to the insurance coverage of the association of building owners collectively is not covered under this protection." The district court referred to this exclusion in Grife's owner's policy as the "Master Deductible" clause. Allstate denied Grife's claim, contending that an assessment resulting from the deductible in the Condominium Association's policy was excluded from loss assessment coverage by the "Master Deductible" clause in Grife's personal owner's policy.

Grife filed this action on behalf of himself and others similarly situated, alleging that Allstate breached his personal owner's policy and seeking monetary damages and declaratory and injunctive relief. The district court granted Allstate's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Grife v. Allstate Floridian Ins. Co., 493 F. Supp. 2d 1249 (S.D. Fla. 2007). The district court concluded that the plain language of the "Master Deductible" clause in Grife's personal owner's policy excluded from coverage any loss assessment due to the master policy's deductible. Id. at 1253-54. Alternatively, the district court agreed with Allstate's argument that another clause in the loss assessment provision, the excess coverage clause, also barred coverage. Id. at 1254-55.

After review and for the reasons stated by the district court in Section I of its well-reasoned published decision, id. at 1253-54, we conclude that the plain language of the "Master Deductible" clause in Grife's owner's policy excludes coverage for any assessment due to losses that fell within the Condominium Association's master policy deductible.[1] Because we agree with the district court that this "conclusion that Plaintiff's claim is excluded due to the Master Deductible provision alone, renders a decision on the remaining Policy language at issue unnecessary," id. at 1254, we decline to address the district court's discussion of the effect of the excess coverage clause, which is dicta, in Section II of its published decision.

**AFFIRMED.**

---

[1]We review de novo a district court's grant of judgment on the pleadings. Hardy v. Regions Mortgage, Inc., 449 F.3d 1357, 1359 (11th Cir. 2006).