[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11836
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00015-WLS


BANK OF CAMILLA,

                                                       Plaintiff - Appellant,

                              versus

ST. PAUL MERCURY INSURANCE COMPANY,

                                                       Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 25, 2013)

Before HULL, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

        Bank of Camilla ("the Bank") appeals the district court's grant of judgment

on the pleadings in favor of St. Paul Mercury Insurance Company ("St. Paul") on

the Bank's breach of contract and bad faith refusal to pay claims arising under Georgia law.  After thorough review, we affirm.

This case arises out of St. Paul's failure to provide the Bank insurance coverage for claims made against the Bank in a 2009 lawsuit filed in Georgia state court ("the underlying suit"), alleging violations of the Uniform Commercial Code and the Georgia Uniform Fraudulent Transfer Act.[1]  When the underlying suit was filed, the Bank had an insurance policy with St. Paul.  But because the Bank believed that the allegations of the complaint were not covered by this policy, it did not submit a claim.  In January 2010, the Bank entered into a new policy with St. Paul ("the 2010 Policy") and added additional coverage.

In October 2010, the plaintiffs in the underlying suit filed an amended complaint that abandoned the previous causes of action and instead asserted new ones based on the same facts.  The Bank filed a claim for coverage under the 2010 Policy.  St. Paul denied coverage, asserting that the underlying suit was pending prior to the 2010 Policy's effective date and the amended complaint did not constitute a new "Claim" under the policy.  The Bank later settled the underlying suit and sued St. Paul for breach of contract and bad faith refusal to pay.  The

---

[1] "We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Cunningham v. Dist. Att'ys Office for Escambia Cnty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).

2

district court granted St. Paul's motion for judgment on the pleadings, and this is the Bank's appeal.

"We review *de novo* the grant of judgment on the pleadings by the district court." *Hardy v. Regions Mortg, Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Atty's Office for Escambia Cnty.*, 592 F.3d, 1237, 1255 (11th Cir. 2010) (internal quotation marks omitted). We may also consider documents attached to the plaintiff's complaint if they are (1) central to the plaintiff's claim and (2) undisputed. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). And we may affirm the district court's decision on any ground the record supports, even if the district court did not rely on that ground. *Ironworkers Local Union 68 v. AstraZeneca Pharms., LP*, 634 F.3d 1352, 1360 (11th Cir. 2011).

The 2010 Policy "covers only Claims first made during the Policy Period," which began in January 2010. A "Claim" is defined as "a civil proceeding against any Insured commenced by the service of a complaint or similar pleading . . . on account of a Wrongful Act." The Policy further defines "Wrongful Act" as including various categories of actions, "but only to the extent that coverage is

3

granted for such acts pursuant to an Insuring Agreement made part of this Policy."[2]

The underlying suit was a Claim that commenced with the service of the original complaint in 2009.  Under the 2010 Policy, St. Paul was not required to cover Claims first made prior to 2010, including the underlying suit.  That the plaintiffs later filed an amended complaint does not change the result.  The amended complaint was filed as part of the same civil proceeding and thus did not constitute a new Claim.  The district court therefore properly granted St. Paul's motion for judgment on the pleadings.

**AFFIRMED.**

---

[2] The Bank argues that, because the definition of "Wrongful Act" is limited to acts "only to the extent that coverage is granted" by St. Paul, the actions alleged in the 2009 complaint were not Wrongful Acts because St. Paul never provided coverage in 2009.  But reading the above language as a reference to whether St. Paul provided coverage for a previous event would eviscerate the 2010 Policy's exclusion of coverage for claims made prior to the policy period. Rather, the above language is best understood as limiting the definition of "Wrongful Act" to only those categories of acts that are actually covered *under the current policy*.  *See Bd. of Regents of Univ. Sys. of Ga. v. A.B. & E., Inc.*, 357 S.E.2d 100, 103 (Ga. Ct. App. 1987) ("It is well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless.").  That is, an act the policy does not cover is not a "Wrongful Act" under the policy; the definition does not mean an act only becomes wrongful when coverage is provided.  Because the Bank purchased additional coverage with the 2010 Policy that encompasses the categories of acts alleged in the amended complaint in the underlying suit, those acts are "Wrongful Acts" within the meaning of that policy.