[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11987
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00604-MHT-TFM

STEVEN THOMASON,

Plaintiff - Appellant,

versus

ONE WEST BANK,
FSB, INDY MAC BANK,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 16, 2014)

Before WILLIAM PRYOR, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

The district court dismissed the *pro se* complaint of Steven Clayton

Thomason on the grounds that the complaint failed to sufficiently allege any

claims for relief. Mr. Thomason appeals that ruling, as well as the district court's denial of his request for leave to amend. While we find no error in the district court's ruling that Mr. Thomason's initial complaint failed to state a claim for relief, we conclude that Mr. Thomason should have been given leave to file an amended complaint.

## I

On July 11, 2012, Mr. Thomason filed a *pro se* civil rights complaint against OneWest Bank, FSB and IndyMac Mortgage Services, a division of OneWest. Mr. Thomason asserted three claims. First, he alleged that OneWest violated the Home Affordable Modification Program ("HAMP")[1] because it refused to modify his wife's loan after she died and attempted to foreclose on his property. Second, Mr. Thomason maintained that OneWest violated the Home Affordable Foreclosure Alternatives Program ("HAFA"), because it refused to allow him to sell his property through a short sale. Third, Mr. Thomason claimed that OneWest violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, because it failed to comply with his qualified written requests for documents during two previous bankruptcies. He requested $88,000.00 in monetary relief, as well as the right to sell his property.

---

[1] The Making Home Affordable Program, a program that includes HAMP and HAFA, was created by Department of the Treasury pursuant to the Emergency Economic Stabilization Act of 2008 (EESA), 12 U.S.C. §§ 5201–5261. *See Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1115-16 (11th Cir. 2012). *See also* U.S. Dep't of Treasury, Performance and Accountability Report: Fiscal Year 2010, 209-10 (Nov. 15, 2010).

2

OneWest moved to dismiss the complaint pursuant to Rule 12(b)(6), and argued that Mr. Thomason's complaint was vague and failed to plead any facts to support a civil rights violation. OneWest noted that it was a private entity not subject to suit under 42 U.S.C. § 1983, and further argued that there were no private causes of action available for alleged HAMP or HAFA violations. Finally, OneWest asserted that Mr. Thomason's RESPA claim was subject to dismissal because a bare averment of a RESPA violation was not sufficient to state a claim for relief.

The magistrate judge issued an initial report and recommendation ("R&R") that recommended dismissal of the complaint with prejudice pursuant to Rule 12(b) (6). The magistrate judge determined that, to the extent Mr. Thomason attempted to raise a civil rights claim under § 1983, he could not do so because OneWest was a private entity. In addition, Mr. Thomason could not raise claims under HAMP or HAFA because neither program provides a private cause of action. Finally, the magistrate judge concluded that Mr. Thomason failed to allege sufficient facts to state a claim under RESPA.

Mr. Thomason filed objections to the R&R, combined with a motion to amend his complaint, in which he sought to add new defendants and claims. He also filed a second motion to amend, reiterating his new claims. Mr. Thomason's motion to amend sought to add the following defendants: (1) Donald McKinley,

3

counsel for the Federal Deposit Insurance Corporation; (2) EvaBank; (3) Mortgage Electronic Registration System ("MERS"); and (4) Deutsche Bank.  Mr. Thomason alleged that he was a borrower on two loans, a $66,000 loan and a $12,375 loan. He wanted to assert claims related to these loans under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; the Fair Housing Act ("FHA"), 42 U.S.C. § 3605; and the Alabama Deceptive Trade Practices Acts, Alabama Code § 8-19-1, *et seq.*

With respect to these claims, Mr. Thomason first asserted that OneWest had engaged in deceptive business practices and discrimination by telling him that he was not a borrower on the loan, and therefore had no right to a loan modification under HAMP or short sale under HAFA.  Mr. Thomason also alleged that EvaBank discriminated against him under FHA because he was Hispanic, and that it engaged in predatory mortgage lending by approving a mortgage that was impossible to pay off because of its hidden fees and high interest rate.  He further alleged that OneWest and Deutsche Bank violated the FDCPA by harassing him and lying during bankruptcy proceedings, and averred that IndyMac called him throughout the day and before bedtime.  Finally, Mr. Thomason asserted that One West violated RESPA by failing to respond to the qualified written requests that he sent on November 30, 2011, March 24, 2012, May 10, 2012, and June 4, 2012.

4

Mr. Thomason attached various documents to his first motion for leave to amend showing that, in November of 2005, a mortgage was executed with EvaBank on a property located at 901 Seibles Road, Montgomery, Alabama. Both Mr. Thomason and his wife were identified in the mortgage document as "borrowers," and both signed the security instrument for the $66,000 loan. He also attached incomplete documents related to a second mortgage to secure an additional $12,375 loan secured by the property. He was identified as a "borrower" on this security instrument as well. Mr. Thomason included a note for this additional loan, initialed and signed only by his wife.

Mr. Thomason also attached several letters that he sent to IndyMac about the loan and the foreclosure. In the first letter, dated November 30, 2011, Mr. Thomson stated that he was a borrower on the mortgage, explained that his wife had died, and asked OneWest to place his name on the mortgage. In the second letter, dated May 10, 2012, he asked why he was not listed on the loan despite having signed the mortgage papers and contributing money to payments. In his third and fourth letters, both dated June 4, 2012, Mr. Thomason informed IndyMac that it was in violation of RESPA, provided additional details about the loan, and requested a HAMP modification package. The letters all included the account number for the loan.

In addition, Mr. Thomason attached a letter from IndyMac, dated May 10, 2012, addressed to his wife, which acknowledged receiving a request that was potentially a qualified written request under RESPA, and stating that a further response would be sent "when required under applicable laws." At the bottom of the letter, it noted that IndyMac was "a debt collector."

OneWest responded that Mr. Thomason had failed to properly seek leave to amend his complaint, and was attempting to file an amended complaint that added new parties and causes of action. OneWest argued that Mr. Thomason's proposed amended complaint did not present any new arguments or evidence in support of his claims, and did not contain allegations sufficient to warrant reconsideration of the R&R. The magistrate judge issued a supplemental R&R, recommending denial of the motions to amend, because they did not include any amendments to Mr. Thomason's causes of action as stated in his complaint. The magistrate judge thus found the motions moot based upon the reasoning in the initial R&R, and recommended dismissing Mr. Thomason's complaint with prejudice.

Mr. Thomason generally objected to the supplemental R&R on the basis that he had not alleged § 1983 claims, but rather made claims under the FDCPA, TILA, FHA, RESPA, and the Alabama Deceptive Trade Practices Act. He argued that his amended complaint was sufficient to survive dismissal and was not moot. The district court, reviewing the record *de novo*, summarily overruled Mr. Thomason's

objections and adopted the R&Rs, denying his motions for leave to amend and granting OneWest's motion to dismiss the complaint with prejudice.  The district court then entered a judgment dismissing the complaint with prejudice.

## II

We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, accepting the facts alleged in the complaint as true, and construing them in the light most favorable to the plaintiff.  *See Spain v. Brown & Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir.2004).  *Pro se* pleadings are held to a less demanding standard than counseled pleadings and should be liberally construed. *See Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013).  Nonetheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007).  Notably, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 63 (11th Cir. 2013) (citing Fed. R. Civ. P. 10(c)).  "At the motion-to-dismiss stage, we consider the facts derived from a complaint's exhibits as part of the plaintiff's basic factual averments.  We even treat specific facts demonstrated by exhibits as overriding more generalized or conclusory statements in the complaint itself."  *Id.* (internal citations omitted).

We review a district court's denial of a motion to amend a complaint for abuse of discretion. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). *See also* Fed. R. Civ. P. 15(a)(2) (setting forth that leave to amend "shall be freely given" by district courts "when justice so requires").  "Generally, 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'"  *Id.* (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). The district court need not allow an amendment, however, where: (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir.2005).

## III

We affirm the district court's dismissal with prejudice of Mr. Thomason's § 1983 claims for alleged violations of HAMP and HAFA for the reasons stated in the magistrate judge's initial R&R.  We must, however, reverse the district court's denial of Mr. Thomason's motions for leave to amend.  Our review of Mr. Thomason's motions for leave to amend and the proposed amended claim leads us to conclude that Mr. Thomason has stated a claim for relief under RESPA.

RESPA is a consumer protection statute that regulates the real estate settlement process and prescribes certain actions to be followed by entities or persons responsible for servicing federally related mortgage loans, including how to respond to borrower inquires. *See Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). *See also* 12 U.S.C. § 2605. Under §2605(e)(2), a lender must respond to a qualified written request from a borrower within sixty days of receipt. *See Bates v. JPMorgan Chase Bank, NA*, ___ F.3d ___, 2014 WL 4815564, at *6 (11th Cir. Sept. 30, 2014). A "qualified written request" is defined as a "written correspondence . . . that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." § 2605(e)(1)(B).

In responding, the servicer must, "after conducting an investigation, provide the borrower with a written explanation or clarification that includes—(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower." *Bates*, 2014 WL 4814464, at *6 (citing § 2605(e)(2)(B)). "Whoever fails to comply with any

9

provision of [§ 2605] shall be liable to the borrower for each such failure in . . . an amount equal to the sum of: (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000." § 2605(f)(1)(A)-(B).

Mr. Thomason's initial complaint stated in a conclusory fashion that OneWest failed to comply with RESPA's requirements, without providing any supporting facts. Thus, the initial complaint failed to state a claim upon which relief could be granted with respect to that allegation, and the district court did not err in dismissing it. But Mr. Thomason's proposed amendments, when construed liberally in light of his *pro se* status, however, sufficiently alleged a claim for relief under RESPA that rose above a speculative level. *See Twombly*, 550 U.S. at 555.

Mr. Thomason asserted in his proposed amended claim that OneWest violated RESPA by failing to respond to the qualified written requests that he sent on November 30, 2011, March 24, 2012, May 10, 2012, and June 4, 2012. He alleged that these qualified written requests included his name, his deceased wife's name and his account number, and stated his concern that his account erroneously failed to list him as a co-borrower on the loan with his deceased wife. Mr. Thomason also alleged that his letters requested documents and further information from IndyMac concerning his qualification for HAMP and HAFA relief. Finally,

Mr. Thomason attached as exhibits to his proposed amended claim copies of the qualified written requests at issue.

Accepting Mr. Thomason's allegations as true, as we must, Mr. Thomason was entitled to written explanations in response to his qualified written requests. The allegations in his proposed amended claim that IndyMac failed to respond accordingly are sufficient to state a claim for relief under RESPA. *See Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir.2009) ("A complaint must state a plausible claim for relief, and a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## IV

Based on the foregoing, we affirm the district court's dismissal with prejudice of Mr. Thomason's §1983 claims for violations of HAMP and HAFA. We conclude, however, that Mr. Thomason's proposed amended RESPA claim sufficiently stated a cause of action, and he should have been given leave to amend.

In closing, we note Mr. Thomason also sought to add additional claims, including claims under the FDCPA, TILA, the FHA and the Alabama Deceptive Trade Practices Acts, as well as additional defendants, including the FDIC, Eva

11

Bank, MERS, and Deutsche Bank.   The district court did not address these proposed new claims and defendants, but should do so on remand.

We affirm the district court's dismissal of Mr. Thomason's initial complaint and reverse the district court's denial of Mr. Thomason's motion to amend the RESPA claim.   We remand with instructions to the district court to allow Mr. Thomason to amend his RESPA claim and to address the proposed new claims and defendants.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**