Filed 7/28/15  Rodriguez v. Bank of America CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PABLO RODRIGUEZ et al., | |
| Plaintiffs and Appellants, | E059659 |
| v. | (Super.Ct.No. RIC1214646) |
| BANK OF AMERICA, N.A. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Richard J. Oberholzer, Judge.  (Retired Judge of the Kern Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Pablo Rodriguez, Isabel Rodriguez and Juan Pablo Rodriguez, in pro. per.; Law Offices of Skip Allen Feild and Skip Allen Feild, for Plaintiffs and Appellants.

Bryan Cave, Stuart W. Price, Jesse E. M. Randolph and Allan P. Bareng, for Defendants and Respondents.

1

Plaintiffs and appellants Pablo and Isabel Rodriguez, along with their son, Juan Pablo, appeal from the judgment of dismissal in favor of defendants Bank of America, N.A. (BOA) and ReconTrust Company, N.A. (Recon), after the trial court sustained the demurrers for failure to state facts sufficient to constitute a cause of action to their complaints seeking damages and other relief for the allegedly wrongful foreclosure of their real property at 3810 Juniper Lane, Perris, California (Property).[1]  Because plaintiffs have neither stated a cause of action, nor shown they can amend to state a cause of action, we shall affirm.

## I.  PROCEDURAL BACKGROUND AND FACTS

We presume the facts alleged in the first amended complaint (FAC) and in the opening brief state the strongest case for plaintiffs.[2]  (See *Live Oak Publishing Co. v. Cohagan* (1991) 234 Cal.App.3d 1277, 1286.)  Stripped of legal conclusions (see *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318), those facts are as follows:  Plaintiffs took out a loan to buy the Property and fell behind in their payments.  Defendants purported to consider alternatives to foreclosure, but abruptly foreclosed before informing plaintiffs of any decision on whether to grant a loan modification or otherwise refrain from foreclosing.  Plaintiffs are Hispanic, and English is their second language, and defendants failed to provide them with any translation of the lending documents.  Plaintiffs initiated

---

[1]  Several other parties were identified as defendants; however, they were either dismissed or not served.

[2]  As defendants aptly note, the FAC "offered a blur of conclusory statements lacking in factual specifics."

this action in September 2012, and by way of the FAC filed on May 10, 2013, they asserted five causes of action: (1) wrongful foreclosure, (2) declaratory relief, (3) quiet title, (4) fraud and deceit, and (5) accounting.

According to the demurrer, plaintiffs' loan from BOA was obtained in May 2008, in the amount of $378,551, and secured by a deed of trust on the Property. Three years later, on June 29, 2011, Recon recorded a Notice of Default. The Notice of Trustee's Sale was recorded on October 3, 2011, and the Property was sold at a public auction on October 31, 2011.

## II. DISCUSSION

Before reviewing plaintiffs' claims, we first consider whether they have provided a record sufficient to permit such review, and whether their opening brief, which fails to specify the issues presented on review, prevents them from demonstrating error.

The appellant bears the burden of providing an adequate record for review. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Because the trial court's judgment is presumed to be correct, the appellant must overcome this presumption by presenting a record that affirmatively demonstrates error and prejudice. (*Gould v. Corinthian Colleges, Inc.* (2011) 192 Cal.App.4th 1176, 1181.) The appellant's failure to provide an adequate record on any issue requires that the issue be resolved against him. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [appellant challenged the trial court's order granting a motion to strike but failed to include copies of the motion and opposition].)

3

In addition to an adequate record, appellant's briefing also must state each claim under a separate heading summarizing the point, support each claim with argument and, if possible, with citation to authority. (Cal. Rules of Court, rule 8.204(a)(1)(B).) "Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived. [Citations.]" (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.) In some cases, a reviewing court chooses to pass on the issue where the appellant has not carried his burden. In cases such as these, however, where the unsubstantiated claim is coupled with an inadequate record, the reviewing court cannot meaningfully evaluate the claim at all.

We acknowledge that plaintiffs are representing themselves on appeal.[3] Under the law, one may act as his own attorney if he chooses; however, when a litigant appears in propria persona, he is held to the same restrictive rules of procedure and evidence as an attorney—no different, no better, no worse. (*Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290-291; *Monastero v. Los Angeles Transit Co.* (1955) 131 Cal.App.2d 156, 160.)

Here, plaintiffs' briefs are lacking both in content and organization. The opening brief consists of various statements of the law concerning their five causes of action. They argue that the FAC sufficiently states each claim; however, the arguments under each claim are replete with bald assertions with minimal to no support from the facts or the law. Similar claims were made to the trial court that rejected them. For the remainder of this opinion, we will discuss only those claims plaintiffs have made some

---

[3] However, plaintiffs were represented by counsel at oral argument.

effort to substantiate, even if not adequately, and which directly relate to their primary causes of action for wrongful foreclosure and fraud.**4**

## A. Standard of Review

A demurrer should be sustained when "[t]he pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.10, subd. (e).)

"We independently review the superior court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. [Citations.] We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citations.] We liberally construe the pleading with a view to substantial justice between the parties. [Citations.]" (*Regents of University of California v. Superior Court* (2013) 220 Cal.App.4th 549, 558.)

"'If we determine the facts as pleaded do not state a cause of action, we then consider whether the court abused its discretion in denying leave to amend the complaint. [Citation.] It is an abuse of discretion for the trial court to sustain a demurrer without leave to amend if the plaintiff demonstrates a reasonable possibility that the defect can be cured by amendment. [Citation.]' [Citation.]" (*Bank of America, N.A. v. Mitchell* (2012) 204 Cal.App.4th 1199, 1204.) However, "'[s]uch a showing can be made for the first time to the reviewing court [citation] . . . .' [Citation.]" (*San Diego City Firefighters, Local 145 v. Board of Administration etc.* (2012) 206 Cal.App.4th 594, 606.) "Whether a

---

**4** Defendants assert that plaintiffs' claims for declaratory relief, quiet title, and accounting are remedies which fail with their substantive claims. We agree.

5

plaintiff will be able to prove its allegations is not relevant. [Citation.]" (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1057.)

## B. Wrongful Foreclosure

The FAC alleges that defendants lack standing to foreclose because they sold plaintiffs' loan "to other financial entities, which 'pooled' large numbers of loans, put them into trusts, and sold securities based on such loans," without legally transferring the right to be named as a trustee, mortgagee, beneficiary. Plaintiffs further assert that foreclosure was wrongful because defendants did not comply with RESPA[5] or Civil Code sections 2923.5, 2923.52, 2024, and 2042;[6] and because they orally agreed to modify plaintiffs' loan, but failed to do so. As best we can discern, in plaintiffs' opening brief, they again assert defendants' lack of authority to foreclose in support of their argument that they were not required to tender the full sum due on the loan because they were alleging "the foreclosure sale is properly 'alleged' to be void . . . ." Thus, they argue that they had standing to challenge the foreclosure, that they were not required to allege that

---

[5] Real Estate Settlement Procedures Act of 1974 (RESPA), 12 United States Code section 2601 et seq., regulates the real estate settlement process (*Hardy v. Regions Mortgage, Inc.* (11th Cir. 2006) 449 F.3d 1357, 1359), as well as the servicing of federally regulated mortgage loans (*MorEquity, Inc. v. Naeem* (N.D. Ill. 2000) 118 F.Supp.2d 885, 900, overruled on other grounds as stated in *Catalan v. GMAC Mortgage Corp.* (7th Cir. 2011) 629 F.3d 676, 686). RESPA is inapplicable because the FAC failed to allege that plaintiffs made a qualified written request to BOA or ReconTrust for information in accordance with RESPA.

[6] Civil Code sections 2923.52, 2024, and 2042 are inapplicable, because section 2923.52 was effective only until January 1, 2011, six months prior to recordation of plaintiffs' default; section 2024 does not exist; and section 2042 was repealed in 1937 (stats. 1937, ch. 368, p. 1002, § 10001).

they had tendered the balance due to preserve their suit (and if they were, the FAC can be amended to do so), and that the foreclosure sale was void because defendants lacked the authority to foreclose.

Plaintiffs raise an argument common to those plaintiffs who have lost their homes in foreclosure. We agree with the majority view that even if plaintiffs' claims have merit, plaintiffs lack standing to challenge defendants' standing because plaintiffs have no interest in the loan and the deed of trust. "[T]he relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note. . . . As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [the plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515 (*Jenkins*).) To explain further: "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note." (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507 [Fourth Dist., Div. Two].)

Plaintiffs were not the victims of any invalid transfers because their obligations to pay the loan remained unchanged: "Instead, the true victim may be an individual or entity that believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of its interest in the note. It is also possible to imagine one or

7

many invalid transfers of the promissory note may cause a string of civil lawsuits between transferors and transferees. . . . [The plaintiff], however, may not assume the theoretical claims of hypothetical transferors and transferees . . . ." (*Jenkins, supra,* 216 Cal.App.4th at p. 515.)[7]

Another fundamental obstacle to plaintiffs being able to state a claim for wrongful foreclosure is that they have not complied with the rule requiring tender. "A full tender must be made to set aside a foreclosure sale, based on equitable principles. [Citations.] *Mabry* [*v. Superior Court* (2010) 185 Cal.App.4th 208, 225-226 (*Mabry*)] held tender was not required to *delay* a sale [citation] but did not suggest a tender is not required *post*sale. Nor do plaintiffs propose any facts showing it would be inequitable to require a full tender. Allowing plaintiffs to recoup the property without full tender would give them an inequitable windfall, allowing them to evade their lawful debt." (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526-527 (*Stebley*) [demurrer sustained when plaintiffs "merely alleged *offers* to tender."].) The tender requirement applies to any claim "implicitly integrated" with the foreclosure sale, not merely claims

---

[7] Plaintiffs claim that defendants have no beneficial interest in the Property under Uniform Commercial Code section 3301, which governs the enforceability of negotiable instruments. However, they are unable to state an actionable claim based on this statute. Given the comprehensive nature of California's nonjudicial foreclosure scheme, courts have refused to apply Commercial Code section 3301 to nonjudicial foreclosure under deeds of trust. (*Debrunner v. Deutsche Bank National Trust Co.* (2012) 204 Cal.App.4th 433, 441 ["we are not convinced that the cited sections of the California Uniform Commercial Code (particularly § 3301) displace the detailed, specific, and comprehensive set of legislative procedures the Legislature has established for nonjudicial foreclosures"].)

that challenge the sale, but also those that seek damages related to the sale.  (*Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 579 [sustaining demurrer without leave to amend on wrongful foreclosure and fraud claims].)

Moreover, plaintiffs' attempt to invalidate the foreclosure by alleging various statutory violations also fails.

In 2008, the Legislature enacted Civil Code section 2923.5 in response to the foreclosure crisis.  (Stats. 2008, ch. 69, §§ 1, 2.)  Initially, the statute applied to owner-occupied residences that were secured by "mortgages or deeds of trust recorded from January 1, 2003, to December 31, 2007 . . . ."  (Civ. Code, former § 2923.5, subd. (i).)  Although Civil Code former section 2923.5 was originally set to expire on January 1, 2013 (Civ. Code, former § 2923.5, subd. (j)), the Legislature amended it to allow for its continued application.  (Stats. 2012, ch. 87, § 4.)  Basically, this statute prohibits filing a notice of default until 30 days after the lender contacts the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" (Civ. Code, § 2923.5, subds. (a)(1), (a)(2)) and the borrower submitted a "complete application for a first lien loan modification . . . ."  (Civ. Code, § 2924.18, subd. (a)(1).)

"However, Civil Code section 2923.5 does not provide for damages, or for setting aside a foreclosure sale, nor could it do so without running afoul of federal law, that is, the Home Owners' Loan Act (12 U.S.C. § 1461 et seq.; HOLA), and implementing regulations (12 C.F.R. § 560.2(b) (2011).  [Citations.]  The statute was 'carefully drafted to avoid bumping into federal law' regulating home loans.  [Citation.]  As a result, the *sole* available remedy is 'more time' before a foreclosure sale occurs.  [Citation.]  After

9

the sale, the statute provides no relief. [Citations.] Further, the statute does not—and legally could not—require the lender to modify the loan. [Citation.]" (*Stebley*, *supra*, 202 Cal.App.4th at p. 526.) Therefore, as stated in *Mabry* and other cases, Civil Code section 2923.5 does not provide relief after a sale takes place. (cf. *Stebley*, *supra*, at p. 526.)

In short, defendants' demurrer to plaintiffs' wrongful foreclosure cause of action was properly sustained.

## C. Fraud

Plaintiffs complain that defendants defrauded them during the loan origination because they "were not given any translation of the lending documents;" they were "without [Pablo Rodriguez's] knowledge, consent, approval or verification that [Rodriguez's] income level was not sufficient as he stated on the loan application;" and they "did not receive the required documents and disclosures, including, but not limited to the TILA disclosures, and the required number of copies of the Notice of Right to Cancel stating the date that the rescission period expires." They further assert that defendants "guaranteed" that plaintiffs would receive a loan modification and that the Property would not be foreclosed upon. Defendants argue that the loan origination claims are time-barred and that plaintiffs' fraud allegations lacked factuality and specificity. We agree with defendants: Plaintiffs' claim is time-barred and they failed to allege fraud with the requisite specificity to support a cause of action.

Plaintiffs obtained their loan in May 2008 and this action was initiated in September 2012, more than four years later. Claims for fraud are governed by the three-

10

year statute of limitations. (Code Civ. Proc., § 338, subd. (d).) To the extent plaintiffs' allegations in the FAC concern the origination of the loan, which closed in 2008, the statue of limitations applies and bars this claim.

Plaintiffs contend the limitations period should be tolled because the alleged fraud was "purposefully hidden to prevent Plaintiff[s] from discovering the true nature of the transaction . . . [and] continue[s] to be hidden from the Plaintiff[s] to this day." We reject this contention. "'The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand demurrer.' [Citations.]" (*E-Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1324.) The above sentence from the FAC is a conclusory allegation. According to plaintiffs, they did not discover the fraud until "the illegal sale" of the Property which occurred less than a year prior to filing the action. However, plaintiffs knew, or reasonably should have discovered at the time they signed the loan documents or immediately thereafter, that they needed a translation of such documents, that they were unable to afford the loan payments, and that they did not receive the disclosure documents.

Notwithstanding the above, plaintiffs argue that defendants misrepresented their willingness to enter into a loan modification agreement. "The elements of fraud, which give rise to the tort action for deceit, are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage. [Citation.] The tort of negligent misrepresentation, a species of the tort of deceit [citation], does not require intent to defraud but only the assertion, as a fact, of that which is not true, by one who has no

11

reasonable ground for believing it to be true.  [Citation.]"  (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1255.)

"In California, fraud must be pled specifically; general and conclusory allegations do not suffice."  (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645.)  The normal policy of liberally construing pleadings against a demurrer will not be invoked to sustain a fraud cause of action that fails to set forth such specific allegations.  (*Ibid.*)  The heightened pleading standard for fraud requires "'pleading *facts* which "show how, when, where, to whom, and by what means the representations were tendered."'"  [Citation.]"  (*Ibid.*)  Thus, "every element of the cause of action for fraud must be alleged in full, factually and specifically . . . ."  (*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1331.)  The specificity requirement serves two purposes:  (1) to furnish the defendant with certain definite charges that can be intelligently met; and (2) to ensure the complaint is specific enough so that the court can "weed out nonmeritorious actions on the basis of the pleadings."  (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216-217, superseded by statute on another issue as stated in *Sanchez v. Bear Stearns Residential Mortgage Corp.*, 2010 U.S. Dist. LEXIS 46043, at *18, fn. 4 (S.D. Cal. May 11, 2010).

Here, plaintiffs failed to identify by name, title, or location, the person(s), along with the defendant who employed such person(s), who allegedly promised a loan modification.  Plaintiffs also did not identify the terms of the alleged modification (such as reduction in principal, monthly payment, interest rate, or forgiveness of debt), when the modification would take effect, and whether it would be a temporary or permanent

modification. The FAC's lack of factual specificity supports the trial court's conclusion plaintiffs failed to state facts sufficient to constitute a cause of action for fraud.

## D. Leave to Amend

Plaintiffs contend that case law favors amendment, and thus, the trial court abused its discretion in denying them leave to amend. We find no abuse of discretion. Plaintiffs were presented with the opportunity to identify additional facts that could cure the defects in their FAC; however, they failed to do so. Instead, they acknowledged that "Fraud must be pleaded specifically," and that such facts must "show **how, when, where, to whom, and by what means the representations were tendered**." (Original boldface.) However, they failed to state such facts in opposition to the demurrer to the FAC. Instead, they merely asserted that "IF the court believes more need be recited in the complaint, plaintiffs stand ready to plead further information on point against these demurring defendants." They also failed to appear at the hearing on defendants' demurrer. Moreover, on appeal, they again fail to show there is a reasonable possibility they can amend their pleading to state a cause of action for fraud by identifying the specific facts that could cure the defects in their FAC. Instead, during oral argument, plaintiffs' counsel asserted that BOA represented that it would "hold off" from foreclosing, allegedly pending the loan modification process. Counsel argued that plaintiffs should be granted leave to amend in order to subpoena records from BOA in order to obtain the facts. Once again, plaintiffs have failed to demonstrate a reasonable possibility that the defect in their FAC can be cured. (*Bank of America N.A. v. Mitchell*, *supra*, 204 Cal.App.4th at p. 1204; *San Diego City Firefighters, Local 145 v. Board of*

13

*Administration etc.*, *supra*, 206 Cal.App.4th at p. 606.) Plaintiffs assume BOA's records will show that it misrepresented that it would "hold off" from foreclosure; however, the length of time BOA was willing to stall the foreclosure is irrelevant. Plaintiffs must provide specific facts supporting their claim that defendants misrepresented their willingness to enter into a loan modification agreement. They continue to fail to do so.

Thus, the trial court correctly denied plaintiffs leave to amend. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44 ["Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend."].)

## III. DISPOSITION

The judgment of dismissal is affirmed. Defendants shall recover costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

KING
J.

CODRINGTON
J.

14