[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-14046
Non-Argument Calendar

_____

D. C. Docket No. 04-21809-CV-MGC

ALGODONERA DE LAS CABEZAS, S.A.,
a Spanish corporation,

Plaintiff-Appellant,

versus

AMERICAN SUISSE CAPITAL, INC.,
a New York corporation,
AMERICAN SUISSE,
AMERICAN SUISSE, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 19, 2005)

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Algodonera de las Cabezas, S.A. ("Algodonera") appeals the district court's sua sponte dismissal of its diversity suit for improper venue. The district court based its dismissal on 28 U.S.C. § 1391(a)(3), which provides that diversity suits may be brought in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." The district court concluded that because the suit could have been brought in New York, Algodonera could not rely on § 1391(a)(3), and the suit was due to be dismissed. However, as Algodonera explained in both its motion for reconsideration and on appeal, it did not rely on § 1391(a)(3). Rather, venue was proper under § 1391(a)(1), which provides that in diversity cases, venue lies "in a judicial district where any defendant resides, if all defendants reside in the same State." As both the defendants here were "residents" of the Southern District of Florida within the meaning of § 1391(c), venue was conferred by § 1391(a)(1). Accordingly, we reverse.

**BACKGROUND**

Algodonera filed this diversity suit in the Southern District of Florida, alleging that the defendants failed to perform an agreement to sell it certain Venezuelan sovereign bonds. The complaint alleged that venue was proper under the terms of 28 U.S.C. § 1391(a). The complaint did not specify which subsection

2

of § 1391(a) conferred venue.

The defendants were served with process in the Southern District of Florida but failed to respond or otherwise appear. Upon Algodonera's motion, the clerk of court entered default judgment against the defendants. The district court then held a hearing to determine damages. At the close of the hearing, the district court requested a memorandum of law concerning the recovery of lost profits.

However, before Algodonera filed such a memo, the district court entered a sua sponte order dismissing the case based on improper venue. The district court's order proceeded on the assumption that Algodonera relied on § 1391(a)(3), under which venue was not proper because the case could have been filed in New York. Algodonera timely filed a motion for reconsideration, explaining that venue was proper under § 1391(a)(1), given that both defendants were residents of Florida and the Southern District within the meaning of § 1391(c). The district court denied the motion for reconsideration, explaining only that it remained "unconvinced."

## STANDARD OF REVIEW

We review the district court's dismissal of a lawsuit for a lack of venue for an abuse of discretion. Home Ins. Co. v. Thomas Industries, Inc., 896 F.2d 1352, 1355 (11th Cir. 1990).

## DISCUSSION

3

Section 1391(a)(1) provides that in diversity suits, venue is proper "in a judicial district where any defendant resides, if all defendants reside in the same State." A defendant is a resident of a judicial district if it is subject to personal jurisdiction there at the time the case is initiated. 28 U.S.C. § 1391(c).

In this case, both of the defendants conducted business through their offices in the Southern District of Florida, received correspondence there, and were subject to service of process there. Accordingly, both defendants were "residents" of the Southern District of Florida, within the meaning of 28 U.S.C. § 1391(c). Venue was thus proper in the Southern District within the meaning of § 1391(a)(1).

While the district court relied on § 1391(a)(3) to hold that venue was improper because the action could be brought in New York[1], venue may be predicated on § 1391(a)(3) only when neither § 1391(a)(1) or (2) are satisfied. Doctor's Assocs. v. Stuart, 85 F.3d 975, 983 (2d. Cir. 1996); see also, 17 Moore's Federal Practice, § 110.02 (describing § 1391(a)(3) as a "fall-back provision" used where "venue will be unavailable under § 1391(a)(1)"). Section 1391(a)(3) does not dictate that venue is improper in diversity cases any time the case could be brought in another district. Stuart, 85 F.3d at 893.

---

[1]We note Algodonera's argument that venue is not even proper in New York, given newly-discovered information suggesting that the defendants never actually conducted business there. We need not reach these contentions, however, as we find § 1391(a)(1) to be dispositive.

4

Moreover, we have previously made clear that while a district court may dismiss a suit <u>sua sponte</u> for lack of venue, it may not do so "without first giving the parties an opportunity to present their views on the issue." <u>Lipofsky v. N. Y. State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). This rule gives defendants an opportunity to waive the venue defense and plaintiffs an opportunity to present arguments as to why venue is proper <u>before</u> the case is dismissed. <u>Id.</u> In this case, the district court dismissed the case <u>sua sponte</u> before receiving any submissions or arguments from the parties on the propriety of venue in the Southern District. While the district court opined that Algodonera's motion for reconsideration gave it the opportunity to present its position on venue, that opportunity came only after the district court had dismissed the case and ordered the clerk of court to close it. This does not satisfy <u>Lipofsky</u>'s command that the parties be given an opportunity to present their views, and bolsters our conclusion that the district court abused its discretion.

In short, because § 1391(a)(1) indisputably provided venue, and as the parties were not given an opportunity to present their views prior to dismissal, the district court abused its discretion.

**REVERSED and REMANDED** for further proceedings.