FILED
United States Court of Appeals
Tenth Circuit

**March 17, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

TERRY N. TAYLOR,

      Plaintiff – Appellant,

v.

TULSA WELDING SCHOOL;
UNIVERSITY OF TULSA HOSPITAL;
WINNEBAGO COUNTY STATES
ATTORNEY; ROCKFORD POLICE
DEPARTMENT; MICHAEL IASPARRO,
U.S. Attorney; CITY OF ROCKFORD;
DOMINIC IASPARRO, Chief Detective;
DETECTIVE GRARRETT; SGT. OWEN;
RICHARD MEYERS, Sheriff; DONALD
GASPARINI, Sheriff; WINNEBAGO
COUNTY STATES ATTORNEY OFFICE;
PAUL LOGLI; RON WHITE; KATHY
ZENOFF; JUDGE PENNIMAN; GLORIA
M. LIND; WINNEBAGO COUNTY
CLERKS OFFICE; JOHN SAWYER,
Winnebago County Coroners Office; GARY
PUMILA, Winnebago Public Defender
Office; RUNDY WILT; TERRY DECK,
Attorney; PAUL FLYNN, Attorney;
CAROL BROOK, Federal Public Defender;
TERRANCE LICHTENWALD,
Psychiatrist; ROSEMARY COLLINS,
Judge; JUDGE NELSON; RICHARD A.
POSNER; JUDGE FRANK H.
EASTERBROOK; WILLIAM WILLIE
LEAVY, Federal Officer; MICHAEL HILL,
a/k/a Michael Dupree; RANDY BOX;
JAMES FLINT; GREG PERRY; LORI
GUTH; HENDERSON SIMMON; BILL
HARRIS; MONTAL WILLIAM; TERRY

No. 14-5093
(D.C. No. 4:14-CV-00321-JHP-FHM)
(N.D. Okla.)

DELAMETER; JAMMIE L. BIELEFIELT;
CHERYL GRIFFEN; KAREN SPICKLER,
a/k/a Karen Stanfields; BOB GATSON;
KIMBERLY SUE GRIFFEN; SAMMY
ANDERSON; WINNEBAGO COUNTY
JAIL AND SHERIFF DEPARTMENT;
RULPHFIELD HUDSON; P.G.
REINHARD,

      Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

---

Terry N. Taylor, a federal prisoner appearing pro se,[1] appeals the district court's

dismissal of his civil rights complaint under 42 U.S.C. § 1983 and denial of his motion to

direct the Federal Bureau of Prisons (BOP) to release his medical records. He also seeks

reconsideration of his motion to this court to appoint counsel. Exercising jurisdiction

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Taylor is proceeding pro se, we construe his pleadings liberally.
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v.
Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's]
arguments liberally; this rule of liberal construction stops, however, at the point at which
we begin to serve as his advocate.").

under 28 U.S.C. § 1291, we affirm the district court and deny his motion to appoint counsel.

## I. BACKGROUND

Mr. Taylor is a federal prisoner incarcerated in Jesup, Georgia. In his complaint, he alleges the following facts. In 1987, Mr. Taylor participated in a jury trial in Winnebago County, Illinois. A district attorney for the State of Illinois encouraged him to turn his life around, suggested he attend the Tulsa Welding School (TWS), and gave him the school's information. Mr. Taylor decided to enroll at TWS, and as part of the admission process, underwent an eye exam at the "University of Tulsa Hospital" (UTH).[2] Mr. Taylor contends the exam caused him to lose his vision and that the trial, the district attorney's referral, and the exam were part of a conspiracy to cover up a failed attempt by federal officers to kill him.[3] In addition to his complaint, Mr. Taylor filed a motion for the district court to order the BOP to release the records for his eye exams from 2005 to 2008.

---

[2] The district court determined there is no "University of Tulsa Hospital." We assume Mr. Taylor underwent an eye exam after enrolling at TWS and will refer to the facility that conducted the exam as "UTH." The actual identity of the facility is immaterial to our disposition because Mr. Taylor acknowledges it was not a state actor for purposes of § 1983.

[3] We limit our discussion to the claims presented on appeal. Nearly all of the events described in Mr. Taylor's initial complaint are alleged to have occurred in Illinois; the only events alleged to have taken place in Oklahoma are Mr. Taylor's experiences at TWS and UTH. The district court determined venue was inappropriate for the alleged § 1983 violations occurring outside of the Northern District of Oklahoma.

The district court dismissed with prejudice Mr. Taylor's § 1983 complaint against TWS and UTH under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. First, the court noted the complaint failed to allege TWS or UTH acted under color of state law as required by § 1983. Second, the court determined the claim would be barred by the two-year statute of limitations for § 1983 actions brought in the State of Oklahoma. Because Mr. Taylor's claims against TWS and UTH were his only claims originating in the district, the court found venue was improper for the remaining claims against multiple defendants and dismissed them without prejudice.[4] The court also denied his motion to order the BOP to release the records of his eye exams.

On appeal, Mr. Taylor asked this court to appoint counsel, arguing that he is legally blind and will not have adequate, effective, or meaningful access to the courts unless provided with representation. We declined to consider the request until the case was fully briefed and we could consider his arguments on appeal. Mr. Taylor has moved for reconsideration of his motion to appoint counsel.

Mr. Taylor raises four issues in this appeal: (1) whether TWS and UTH may be

---

[4] On appeal, Mr. Taylor attempts to connect another event to Oklahoma—which we address below—but does not otherwise dispute the district court's venue determination.

held liable for conspiracy under 42 U.S.C. § 1983 for damaging his vision,[5] (2) whether

venue is proper in the Northern District of Oklahoma for his fraud claim against a

psychologist who allegedly lives and works in Oklahoma, (3) whether the district court

erred in denying his request to release medical records pertaining to his eye exams,[6] and

(4) whether we should appoint counsel on his behalf. For the reasons below, we affirm

the district court's dismissal of Mr. Taylor's complaint and denial of his motion to direct

the BOP to release his medical records. We deny Mr. Taylor's motion to appoint

counsel.

## II.  **DISCUSSION**

### A.  *§ 1983 Claims*

"The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6)

dismissal is reviewed de novo." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir.

2009). A complaint will survive dismissal under Rule 12(b)(6) if it alleges a plausible

claim for relief, which requires that "[f]actual allegations must be enough to raise a right

to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The allegations in the complaint for a conspiracy claim must be based on

---

[5] Mr. Taylor also seeks review of the district court's determination that his claims are time-barred. We address this in our substantive discussion of his § 1983 claims.

[6] Mr. Taylor's motion seeks eye exam records from 2005 to 2008. On appeal, he seeks eye exam records from 2005 to 2007. Our reasoning on this matter applies in either case.

"enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Id.* at 556. Applying these standards, we agree with the district court that Mr. Taylor has not stated a claim upon which relief may be granted.

First, Mr. Taylor's allegations are purely speculative. He alleges the district attorney gave him the information for the welding school, that the welding school took him for eye exams, and that the eye exams made him legally blind. Even viewed in the light most favorable to Mr. Taylor, *see Smith*, 561 F.3d at 1098, the facts Mr. Taylor has presented do not credibly suggest the district attorney, TWS, and UTH acted in concert to blind Mr. Taylor and cover up a conspiracy in Illinois.

Second, Mr. Taylor has not alleged the defendants acted under color of state law. 42 U.S.C. § 1983. He agrees TWS and UTH are private actors. He nevertheless argues the district attorney's involvement in the alleged conspiracy is sufficient to make the welding school and hospital liable under § 1983. This argument is unavailing. Mr. Taylor does not allege the district attorney acted under color of state law when she suggested he attend the welding school. He does not allege she gave him the information about the school pursuant to her official duties, instructed or otherwise compelled him to move to Tulsa and begin the welding program, or exerted any control over the events that allegedly occurred after he enrolled at the school. Furthermore, Mr. Taylor's brief on appeal is unresponsive to the district court's determination that the district attorney's referral would not make the subsequent acts by the welding school or hospital state actions for the purposes of § 1983. TWS and UTH are not state actors and cannot be

-6-

sued under § 1983.

Finally, Mr. Taylor's claim is barred by the statute of limitations. We have determined that Oklahoma law sets the statute of limitations for § 1983 claims at two years. *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999); Okla. Stat. Ann. tit. 12, § 95(3). As the district court noted, the statute of limitations for Mr. Taylor's claim expired in 1990, nearly 25 years ago. Mr. Taylor is not entitled to equitable tolling; neither his time in prison nor the 90 days he alleges he was institutionalized have prevented him from filing numerous other lawsuits against the defendants named in his complaint, and they do not justify his failure to file his complaint with the district court here until 2014.

### B. *Venue for Fraud Claim*

Mr. Taylor argues on appeal the district court also should have considered his fraud claim against Jammie L. Bielefielt,[7] who allegedly lives and works in Oklahoma and concealed her identity and position as the chief psychologist of the BOP to defraud Mr. Taylor into marriage in 1994.

The district court correctly deemed venue improper for this claim. Mr. Taylor's initial complaint states that he and Ms. Bielefielt married in Illinois. The complaint gives no indication she lived or worked in Oklahoma at that time or that venue in the Northern

---

[7] Ms. Bielefielt's name is spelled differently throughout Mr. Taylor's filings; we spell her name as it appears on the caption.

District of Oklahoma would be proper for any reason. In subsequent filings, Mr. Taylor suggests Ms. Bielefielt may currently work for the BOP in Oklahoma City and El Reno. But Mr. Taylor's claim against Ms. Bielefielt arose from an allegedly fraudulent marriage performed in Illinois, and not from conduct in Oklahoma. And even if Ms. Bielefielt currently lives in Oklahoma City or El Reno, both cities are in the Western District of Oklahoma, making venue in the Northern District of Oklahoma improper.[8] *See* 28 U.S.C. § 1391(b).

### C. *Motion to Release Medical Records*

On appeal, Mr. Taylor asserts the district court should have ordered the BOP to release his medical records from 2005 to 2007 because they would assist him in proving his claims.[9] The district court determined these records would not assist with Mr. Taylor's case because his claims are barred by the statute of limitations. We agree and affirm the district court's denial of his motion.

### D. *Motion to Appoint Counsel*

Mr. Taylor finally seeks reconsideration of his motion to this court for appointment of counsel. When determining whether to appoint counsel, we consider

---

[8] Even if we had venue, we would conclude Mr. Taylor has not stated a claim upon which relief may be granted. He has not alleged facts that make his claim plausible and has not demonstrated why his claim is not time-barred when the marriage occurred in 1994.

[9] Mr. Taylor does not explain why he considers the district court's analysis faulty.

"'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). For the reasons detailed above, Mr. Taylor's claims lack merit, and appointing counsel at this stage would not compel a different result. We decline to appoint counsel in this matter.

## III. CONCLUSION

For the reasons detailed above, we affirm the district court's dismissal of Mr. Taylor's § 1983 claim and denial of his motion to direct the BOP to release his medical records. We deny his motion to appoint counsel.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge