[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16201
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-81215-BB

ROBERT CRENSHAW,

Plaintiff-Appellant,

versus

SPECIALIZED LOAN SERVICING, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 15, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Robert Crenshaw sued Specialized Loan Servicing, LLC in state court,

alleging that it failed to adequately respond to his request for information under 12 C.F.R. § 1024.36(a), which implements a portion of the Real Estate Settlement Procedures Act (RESPA). Specialized Loan removed the case to federal court and moved to dismiss for improper venue. The district court granted the motion and Crenshaw appealed.

"We review the district court's dismissal of a lawsuit for a lack of venue for an abuse of discretion." Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005). But we review de novo its interpretation of federal statutes. See United States v. Aldrich, 566 F.3d 976, 978 n.2 (11th Cir. 2009).

RESPA permits an action to be filed in "the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614. It is undisputed that the "property involved" in this case is located in Texas, not Florida. So the Southern District of Florida could be a proper venue for this action only if Specialized Loan's alleged violation of RESPA occurred there.

Crenshaw contends that at least a portion of the "violation" in this case occurred in Florida, because that is where he allegedly suffered damages. After all, he says, damages are an essential element of a private cause of action under RESPA. See Renfroe v. Nationstar Mortg., LLC, 822 F.3d 1241, 1246 (11th Cir. 2016) ("We join our sister Circuits in recognizing that damages are an essential

2

element in pleading a RESPA claim.").

But whether a statutory violation has occurred is a separate question from whether a plaintiff has accrued a cause of action based on that violation.  See Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1360 (11th Cir. 2006).  Indeed, establishing a cause of action requires a plaintiff to show that he suffered damages in addition to showing that the defendant violated RESPA.  See Renfroe, 822 F.3d at 1245–46.  Section 2614 explicitly states that the location of the violation and the location of the property involved are what matters in determining what courts can serve as a proper venue for RESPA suits, not the location where the plaintiff suffered damages or where the last of the elements necessary to a cause of action occurs.  See 12 U.S.C. § 2614.

If Specialized Loan violated RESPA in this case, it did so when it failed to adequately respond to Crenshaw's request for information.  That violation occurred wherever Specialized Loan formulated its reply and sent it to Crenshaw, which Crenshaw does not assert happened in Florida.  That Crenshaw may not have acquired a cause of action based on that violation until he allegedly suffered damages in Florida is irrelevant.

Crenshaw also emphasizes that his attorneys sent his request for information and a later notice of error to Specialized Loan from their Florida offices.  But it is Specialized Loan's response to those documents he alleges violated RESPA.  And,

3

as we have already discussed, Crenshaw does not contend in his briefs that Specialized Loan responded to his request for information from Florida or did anything else there, even if his attorneys received Specialized Loan's response in that state.[1]

For those reasons, the district court did not abuse its discretion by concluding that the Southern District of Florida was not a proper venue for this action and dismissing Crenshaw's complaint.

**AFFIRMED.**

---

[1] Crenshaw does say in both of his briefs that he alleged in his complaint that "substantial acts and omissions occurred in Palm Beach County giving rise to the cause of action." But these conclusory statements are not enough to raise an argument before this Court. Sapuppo v. Allsatate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). We also reject Crenshaw's argument that he should have been allowed to amend his complaint, because he has not told us what additional facts he would have alleged to avoid dismissal.