[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17370
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cv-80233-KAM

ALBERT DUENAS,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 11, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Albert Duenas sued Wells Fargo Bank, N.A. ("Wells Fargo") in state court,

alleging that it failed to timely provide a written acknowledgement of its receipt of

his request for information, as required by 12 C.F.R. § 1024.36(c), which implements a portion of the Real Estate Settlement Procedures Act ("RESPA"). Wells Fargo removed the case to federal court and moved to dismiss for improper venue. The district court granted the motion. On appeal, Duenas argues that the district court erred in determining that the United States District Court for the Southern District of Florida was an improper venue under RESPA's venue provision, 12 U.S.C. § 2614. After careful review, we affirm.

We review a district court's dismissal of a lawsuit for improper venue for abuse of discretion. Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005). A district court abuses its discretion when it "fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact there are clearly erroneous." Heffner v. Blue Cross & Blue Shield of Al., Inc., 443 F.3d 1330, 1337 (11th Cir. 2006) (quotations omitted). We review the district court's interpretation of federal statutes de novo. See Stansell v. Revolutionary Armed Forces of Colombia, 704 F.3d 910, 914 (11th Cir. 2013).

Under RESPA's venue provision, an action may be filed in "the district in which the property involved is located, or where the violation is alleged to have occurred." 12 U.S.C. § 2614. The "property involved" in this case is located in California, not Florida. Duenas only argues that the Southern District of Florida is

a proper venue for this action because Wells Fargo's alleged violation of RESPA occurred there. We disagree.

Duenas claims that at least a portion of the "violation" in this case occurred in Florida because that is where he allegedly suffered damages. Damages are an essential element of a private cause of action under RESPA. Renfroe v. Nationstar Mortg., LLC, 822 F.3d 1241, 1246 (11th Cir. 2016). However, whether a statutory violation has occurred is a separate question from whether a plaintiff has accrued a cause of action based on that violation. See Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1360 (11th Cir. 2006) (noting that there is no private right of action for certain RESPA violations). Indeed, a plaintiff must show that he suffered damages and the defendant violated RESPA. See Renfroe, 822 F.3d at 1245–46. RESPA's venue provision explicitly instructs that the location of the violation and the location of the property involved determine which courts can serve as a proper venue for RESPA suits, and it does not provide that the action may be brought where the plaintiff suffered damages or where the last of the elements necessary for a cause of action occurs. See 12 U.S.C. § 2614.

If Wells Fargo violated RESPA, the violation occurred when Wells Fargo failed to timely provide a written acknowledgement of receipt of Duenas's information request. That violation occurred wherever Wells Fargo failed to create, or untimely created, its written acknowledgment. The complaint does not

allege that Wells Fargo wrote, or would have written, its acknowledgment in Florida. Duenas contends that he pled that the violation occurred in Florida, but we disagree. The complaint alleges that a "substantial part of the events or omission giving rise to the claim occurred" in Palm Beach County, Florida, but it does not claim that Wells Fargo's conduct occurred there. Duenas also points out that his attorneys sent his request for information and a later notice of error to Wells Fargo from the attorneys' Florida offices, but it is Wells Fargo's response, or failure to respond, to those documents that he alleges violated RESPA. Thus, the district court did not err in concluding that the United States District Court for the Southern District of Florida was an improper venue for his claim.

Nor did the district court abuse its discretion by finding that California or Iowa were proper venues for this action. The information request and notice of error, which were attached to Duenas's complaint, were sent to Wells Fargo's office in Des Moines, Iowa.[1] Under 12 C.F.R. § 1024.36(c), a servicer must provide to the borrower a written acknowledgement that it received an information request within five days of receipt. There is no allegation in the complaint that Wells Fargo formulates written acknowledgements in offices other than the office

---

[1] Even if Duenas had not attached the documents to the complaint, courts may look beyond the allegations of the complaint when reviewing a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). Estate of Myhra v. Royal Caribbean Cruises, Ltd., 695 F.3d 1233, 1239 & n.22 (11th Cir. 2012).

that actually received the request.  Thus, the district court's factual finding was not clearly erroneous. See Heffner, 443 F.3d at 1337.

Accordingly, we affirm the dismissal of this action for improper venue.

**AFFIRMED.**