[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12872
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-00106-LGW-RSB

TERRY N. TAYLOR,

                                                        Plaintiff - Appellant,

versus

MELISA COMBS FORSYTH,
Prison Psychologist, Jesup FCI,
P. G. RIENHARD,
Judge,
RICHARD A. POSNER,
Judge,
FRANK H. EASTERBROOK,
Judge,
ROSEMARY COLLINS,
Judge, et al.,

                                                        Defendants - Appellees.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(August 22, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Terry Taylor, proceeding *pro se*, appeals the *sua sponte* dismissal of his complaint.  For the reasons stated below, we affirm.

Mr. Taylor, a then-federal prisoner, filed a complaint in the Southern District of Georgia against several federal and state judges in Illinois, the Clerk of the Court for the Seventh Circuit, Gino J. Agnello, and two psychologists, Melisa Forsyth and Terrance Lichtenward, claiming that they violated his constitutional rights and certain federal statutes. Although difficult to decipher, it appears that Mr. Taylor alleges that Ms. Forsyth, who was a psychologist at the Federal Correctional Institution in Jesup, Georgia, committed "identity theft" and "fraud" by assuming someone else's identity and convincing him to marry her in Illinois. D.E. 1 at 5.  He alleges that certain of the defendants conspired to put him in an Illinois mental institution as retaliation for attempting to bring Ms. Forsyth's actions to light.  He also claims that his constitutional rights were violated through actions related to his court proceedings in Illinois state court, the Northern District of Illinois, and the Seventh Circuit.

Upon conducting a frivolity review, a magistrate judge recommended that the complaint be dismissed as to all of the defendants because the Southern District of Georgia was not the proper venue for Mr. Taylor's lawsuit, among other

2

rationales.    After reviewing Mr. Taylor's objections to the magistrate judge's report and recommendation, the district court agreed with the magistrate judge in part and concluded that venue was improper as to all of the defendants except Ms. Forsyth because it assumed as true Mr. Taylor's assertion that Ms. Forsyth lived in the Southern District of Georgia.   Notwithstanding this assumption, the district court dismissed Mr. Taylor's claims against Ms. Forsyth because he failed to state a claim against her.   The district court also denied Mr. Taylor *in forma pauperis* status on appeal.

Mr. Taylor then filed several motions for reconsideration related to the district court's dismissal of his complaint, denial of *in forma pauperis* status, and prior ruling on his request for the appointment of counsel.   The district court denied Mr. Taylor's motions.[1]

## I

We review the district court's dismissal of a lawsuit for improper venue for an abuse of discretion, *see Algodonera De La Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005), and a district court's *sua sponte* dismissal of a prisoner's lawsuit for failure to state a claim *de novo*.   *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).   We construe Mr. Taylor's filings

---

[1] Mr. Taylor argues on appeal that he should have counsel appointed on his behalf.  We have already reviewed and denied his motion for appointment of counsel and corresponding motion for reconsideration.   *See* App. D.E. 11, 14.   We deny his current request as well.

3

liberally because he is proceeding *pro se*, but keep in mind that we cannot act as *de facto* counsel for Mr. Taylor either.  *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## II

On appeal, Mr. Taylor argues that the district court improperly dismissed his complaint. Although he reiterates certain of his allegations against some defendants, he fails to address the district court's bases for dismissing his complaint and explain why the district court erred.

As to Ms. Forsyth, Mr. Taylor reiterates that she resides in the Southern District of Georgia and argues that a Georgia state court would not be the appropriate venue to bring his claims against her.  Although unclear, it appears that Mr. Taylor argues that Ms. Forsyth's actions violated his Eighth Amendment right to be free from cruel and unusual punishment and that he has a claim under the "Mental Cruelty Act."  He also asserts that her actions caused him to lose his First Amendment right to seek redress from the courts.

We, however, agree with the district court that Mr. Taylor has failed to state a claim against Ms. Forsyth.  *See* Fed. R. Civ. P. 8(a)(2).  Mr. Taylor's complaint is devoid of any allegation connecting Ms. Forsyth's alleged acts and a corresponding constitutional violation, notwithstanding Mr. Taylor's efforts to explain his claims now.

4

Even if Mr. Taylor had properly alleged the claims against Ms. Forsyth and they were viable under the law, Ms. Forsyth's alleged wrongs purportedly took place in 1994—years after the expiration of the two-year statute of limitations to bring a *Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics,* 402 U.S. 399 (1971) action. *See Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (explaining that the statute of limitations for § 1983 claim in Georgia is two years); *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (stating that the same statute of limitations period governing § 1983 actions apply to *Bivens* actions and that courts "generally apply § 1983 law to *Bivens* cases"). *See also Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (explaining that the statute of limitations for § 1983 action accrues when the plaintiff knew or should have known that they suffered the injury and who inflicted the injury). So, in any event, Mr. Taylor's claims against Ms. Forsyth are time-barred. [2]

---

[2] Mr. Taylor suggested in his objections to the magistrate's report and recommendation that his claims against Ms. Forsyth could not be time-barred because he did not know of her identity until 2014. This is contradicted by the statement in his complaint that he brought a claim alleging fraud against her in 1996. Even using a date in 1996 as the time of accrual, Mr. Taylor's claim is time-barred.

Mr. Taylor also claimed in his objections to the magistrate's report and recommendation that he filed a complaint against Ms. Forsyth in the Northern District of Oklahoma and it was the dismissal of that case that prompted him to file suit in the Southern District of Georgia. The Tenth Circuit affirmed the district court's dismissal on improper venue grounds but also suggested that Mr. Taylor's claims were time-barred. *See Taylor v. Tulsa Welding School*, 604 F. App'x 673, 677 & n.8 (10th Cir. 2015). So, even if we ignore Mr. Taylor's own statements in his complaint, we know that he knew about Ms. Forsyth's identity in *June* of 2014 and therefore, his filing in *July* of 2016 still falls outside the two-year statute of limitations period.

As to the other defendants, Mr. Taylor does not address why his claims against them should be adjudicated in the Southern District of Georgia.  He merely reiterates his allegations against some of the defendants and presents broad statements about venue being proper.  Mr. Taylor does not attempt to explain how any of the bases for proper venue apply, and with the limited information at our disposal, we cannot determine how any basis applies either.

Therefore, we similarly affirm the district court's dismissal of the claims against the other defendants.  *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal."). [3]

### III

The district court properly dismissed Mr. Taylor's claims and Mr. Taylor has failed to provide a basis for us to conclude otherwise.  As a result, we affirm.

**AFFIRMED.**

---

[3] A district court may dismiss a suit *sua sponte* for lack of venue if it gave the parties an opportunity to present their views on the issue. *See Algodonera De Las Cabezas, S.A.*, 432 F.3d at 1345.  Mr. Taylor had the opportunity to object to the magistrate's report and recommendation before the district court entered its final order and the district court reviewed the report *de novo*, so there is no due process concern here. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).