[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12872
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-00106-LGW-RSB

TERRY N. TAYLOR,

Plaintiff - Appellant,

versus

MELISA COMBS FORSYTH,
Prison Psychologist, Jesup FCI,
P. G. RIENHARD,
Judge,
RICHARD A. POSNER,
Judge,
FRANK H. EASTERBROOK,
Judge,
ROSEMARY COLLINS,
Judge, et al.,

Defendants - Appellees.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(October 26, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Terry Taylor, proceeding *pro se*, appeals the *sua sponte* dismissal of his complaint. For the reasons stated below, we affirm.[1]

Mr. Taylor, a then-federal prisoner, filed a complaint in the Southern District of Georgia against several federal and state judges in Illinois, the Clerk of the Court for the Seventh Circuit, Gino J. Agnello, and two psychologists, Melisa Forsyth and Terrance Lichtenward, claiming that they violated his constitutional rights and certain federal statutes. Although difficult to decipher, it appears that Mr. Taylor alleges that Ms. Forsyth, who was a psychologist at the Federal Correctional Institution in Jesup, Georgia, committed "identity theft" and "fraud" by assuming someone else's identity and convincing him to marry her in Illinois. D.E. 1 at 5. He alleges that certain of the defendants conspired to put him in an Illinois mental institution as retaliation for attempting to bring Ms. Forsyth's actions to light. He also claims that his constitutional rights were violated through actions related to his court proceedings in Illinois state court, the Northern District of Illinois, and the Seventh Circuit.

Upon conducting a frivolity review, a magistrate judge recommended that the complaint be dismissed as to all of the defendants because the Southern District

---

[1] We deny Mr. Taylor's petition for rehearing but issue this revised opinion, which does not address the statute of limitations governing Mr. Taylor's claims against Ms. Forsyth.

of Georgia was not the proper venue for Mr. Taylor's lawsuit, among other rationales. After reviewing Mr. Taylor's objections to the magistrate judge's report and recommendation, the district court agreed with the magistrate judge in part and concluded that venue was improper as to all of the defendants except Ms. Forsyth because it assumed as true Mr. Taylor's assertion that Ms. Forsyth lived in the Southern District of Georgia. Notwithstanding this assumption, the district court dismissed Mr. Taylor's claims against Ms. Forsyth because he failed to state a claim against her. The district court also denied Mr. Taylor *in forma pauperis* status on appeal.

Mr. Taylor then filed several motions for reconsideration related to the district court's dismissal of his complaint, denial of *in forma pauperis* status, and prior ruling on his request for the appointment of counsel. The district court denied Mr. Taylor's motions.[2]

## I

We review the district court's dismissal of a lawsuit for improper venue for an abuse of discretion, *see Algodonera De La Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005), and a district court's *sua sponte* dismissal of a prisoner's lawsuit for failure to state a claim *de novo*. *See Boxer X v.*

---

[2] Mr. Taylor argues on appeal that he should have counsel appointed on his behalf. We have already reviewed and denied his motion for appointment of counsel and corresponding motion for reconsideration. *See* App. D.E. 11, 14. We deny his current request as well.

3

*Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  We construe Mr. Taylor's filings liberally because he is proceeding *pro se*, but keep in mind that we cannot act as *de facto* counsel for Mr. Taylor either.  *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

## II

On appeal, Mr. Taylor argues that the district court improperly dismissed his complaint.  Although he reiterates certain of his allegations against some defendants, he fails to address the district court's bases for dismissing his complaint and explain why the district court erred.

As to Ms. Forsyth, Mr. Taylor reiterates that she resides in the Southern District of Georgia and argues that a Georgia state court would not be the appropriate venue to bring his claims against her.  Although unclear, it appears that Mr. Taylor argues that Ms. Forsyth's actions violated his Eighth Amendment right to be free from cruel and unusual punishment and that he has a claim under the "Mental Cruelty Act."  He also asserts that her actions caused him to lose his First Amendment right to seek redress from the courts.

We, however, agree with the district court that Mr. Taylor has failed to state a claim against Ms. Forsyth.  *See* Fed. R. Civ. P. 8(a)(2).  Mr. Taylor's complaint is devoid of any allegation connecting Ms. Forsyth's alleged acts and a

4

corresponding constitutional violation, notwithstanding Mr. Taylor's efforts to explain his claims now.

As to the other defendants, Mr. Taylor does not address why his claims against them should be adjudicated in the Southern District of Georgia. He merely reiterates his allegations against some of the defendants and presents broad statements about venue being proper. Mr. Taylor does not attempt to explain how any of the bases for proper venue apply, and with the limited information at our disposal, we cannot determine how any basis applies either.

Therefore, we similarly affirm the district court's dismissal of the claims against the other defendants. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").[3]

## III

The district court properly dismissed Mr. Taylor's claims and Mr. Taylor has failed to provide a basis for us to conclude otherwise. As a result, we affirm.

**AFFIRMED.**

---

[3] A district court may dismiss a suit *sua sponte* for lack of venue if it gave the parties an opportunity to present their views on the issue. *See Algodonera De Las Cabezas, S.A.*, 432 F.3d at 1345. Mr. Taylor had the opportunity to object to the magistrate's report and recommendation before the district court entered its final order and the district court reviewed the report *de novo*, so there is no due process concern here. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).