[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13875

Non-Argument Calendar

_____

CHARLES RANDALL CAMPBELL,

Plaintiff-Appellant,

*versus*

HILLIE S. BENNETT, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cv-00309-RSB-CLR

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Charles Campbell, *pro se*, appeals the district court's dismissal of his complaint under 42 U.S.C. §§ 1983 and 1985 for lack of venue and jurisdiction and, alternatively, as untimely and barred by immunity. His complaint alleged due-process violations in a state-family-court action against him, which resulted in restraining orders against him for each of his children. Campbell's complaint also asserted that he filed his claims in the U.S. District Court for the District of South Carolina, but that court dismissed his complaint based on the *Rooker-Feldman* doctrine[1], and the Fourth Circuit affirmed.

On appeal, Campbell argues that the district court in this case erred by dismissing his complaint for lack of jurisdiction because he did not have an opportunity to raise his constitutional issue in the appropriate court. He contends that venue was not improper because he lived in Georgia while subject to the restraining orders. Campbell also maintains that his claims are not time-barred because he lacked representation, and he says he does not have the ability to properly respond to the issue of immunity.

---

[1] The *Rooker-Feldman* doctrine prevents federal courts from exercising jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

We review de novo dismissals for lack of jurisdiction. *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011). A federal court has an obligation to ensure jurisdiction is satisfied "whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard System R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). We "review the district court's dismissal of a lawsuit for a lack of venue for an abuse of discretion." *Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005). We liberally construe a *pro se* litigant's pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). We may affirm on any ground supported by the record. *Trotter v. Sec'y, Dep't of Corrs.*, 535 F.3d 1286, 1291 (11th Cir. 2008).

We affirm the dismissal of Campbell's complaint. To start, the district court correctly found that venue was not proper in the Southern District of Georgia. Under the general federal venue statute, a civil action may be brought in a judicial district in which any defendant resides or a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Here, though, none of the named defendants and none of the alleged events or omissions giving rise to Campbell's claims have any connection to the Southern District of Georgia or the state of Georgia. Rather, it appears that nearly all defendants are located in South Carolina and that the events at issue also took place there. For that reason, venue was proper in the District of South Carolina, not the Southern District of Georgia.

Nor did the district court abuse its discretion by dismissing the case rather than transferring it to the District of South Carolina. When venue is lacking, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because the District of South Carolina had already rejected Campbell's claims, and the Fourth Circuit had affirmed, transfer was not in the interests of justice.

The district court also properly concluded that it lacked jurisdiction insofar as Campbell sought review of the District of South Carolina's resolution of his claims. District courts have original jurisdiction over civil actions arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. But they do not have appellate jurisdiction to review decisions of another district court. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 989 (11th Cir. 1982). Nor do we have "appellate jurisdiction to review the decision of a district court in another circuit." *Murray v. Scott*, 253 F.3d 1308, 1314 (11th Cir. 2001) (quotation marks omitted). For these reasons, Campbell can obtain review of neither the District of South Carolina's decision nor the Fourth Circuit's affirmance, through this action.

Because the district court properly dismissed Campbell's complaint for lack of venue and jurisdiction, we affirm on these grounds and do not reach the timeliness or immunity issues.

**AFFIRMED.**