**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12039

Non-Argument Calendar

_____

ALAN BOYD CURTIS,

*Plaintiff-Appellant,*

*versus*

ROBYN PAULINE MISLEVY,
   a.k.a. Robyn Pauline Stetler,
   a.k.a. Jane Doe,
JOSHUA M. DRESCHEL,
   Attorney - Private,
JAMES BRANDON JOHNSON,
   Attorney - Private,
JEANINE RAE SAXTON,
   Individual capacity,
   *Trustee,*

DWRIGHT PRESTON,
   Attorney - Private,

*Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-00987-MSS-AAS

———————————————

Before ABUDU, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Alan Boyd Curtis, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint against Robyn Mislevy, Joshua Dreschel, James Johnson, Jeanine Saxton, and Dwight Preston (Defendants) for violating his civil rights. The allegations in Curtis's complaint center around two state court proceedings, one in Florida and one in Kentucky. Curtis challenges the district court's *Rooker-Feldman*, due process, statute of limitations, and jurisdiction findings as they relate to the district court's dismissal. After review,[1] we affirm.

## I. DISCUSSION

*A.* Rooker-Feldman

Curtis first argues the district court violated his Fifth and Fourteenth Amendment rights when it found the *Rooker-Feldman* doctrine[2] precluded review of his complaint. We have stated that

———————————

[1] We review a *sua sponte* dismissal for failure to state a claim *de novo*. *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019).

[2] In *Rooker*, the Supreme Court held that the plaintiffs—parties who lost in state court—could not ask the federal district court to declare the state court judgment "null and void." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

a claim-by-claim approach is required when applying *Rooker-Feldman*. *Behr v. Campbell*, 8 F.4th 1206, 1213 (11th Cir. 2021) (explaining when assessing whether a complaint is barred by *Rooker-Feldman,* "[t]he question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each individual claim requires review and rejection of a state court judgment").

The district court did not undertake the appropriate claim-by-claim *Rooker-Feldman* analysis. However, the district court made this determination as to Curtis's requests to void the judgment in a Florida tort action and to create a trust on the property in Kentucky. Because the district court also determined that Curtis failed to state a federal claim on which relief could be granted, we now turn to whether we can affirm the district court's decision for reasons different than those stated by the district court. *See Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010).

The district court did not err in dismissing Curtis's civil rights claims with prejudice as he was not and would not be able to show that any Defendant violated his civil rights or acted within a conspiracy to violate his civil rights. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("[T]o prevail on a

---

U.S. 280, 284 (2005) (quoting *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414-15 (1923)). In the same vein, the *Feldman* Court said that lower federal courts lacked jurisdiction to review a decision by the District of Columbia's Court of Appeals denying a waiver of a court rule for bar applicants. *Id.* at 285 (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)).

civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."). Curtis does not argue the district court erred in determining his § 1983 claims were asserted against private actors for private conduct, nor does he assert he sufficiently alleged Defendants reached an understanding or agreement to deny him rights. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (explaining only in rare circumstances can a private party be considered a state actor for § 1983 purposes). Curtis conceded before the district court that he could not establish that any Defendant acted under the color of state law and that proceeding under 42 U.S.C. § 1983 was improper.

Curtis's argument on appeal goes solely to the futility of his ability to amend his complaint, whether he would be able to show Defendants acted in conspiracy with Judge Easton of the Kentucky court to deprive Curtis of his due process rights. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018) (When "a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," but a court need not grant leave to amend when the plaintiff is clear he does not want to amend the complaint or when a more carefully drafted complaint still would not state a claim (quotation

marks omitted)).  Curtis contends the court erred in finding he was afforded adequate process in state court proceedings as he did not have access to Kentucky law during those proceedings.  To determine whether process is adequate, courts generally look to three factors: (1) "the private interest that will be affected by the official action"; (2) the value of additional procedure in avoiding error; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

The record reflects there would be no value in additional procedure before the Kentucky court as documents supplied by Curtis showed that he was able to raise the same issue multiple times before Judge Easton, where Judge Easton heard Curtis's arguments in his motion to amend in a hearing which consisted of issues that had already been addressed.  *See Eldridge*, 424 U.S. at 335.  Judge Easton also liberally construed Curtis's motion as a motion to amend or alter the judgment despite the fact Curtis did not cite to a specific rule or statute as the basis for the motion, with Judge Easton noting Curtis argued that he did not have access to Kentucky law materials.  *See id.*  Further, Judge Easton granted a hearing on that motion despite its untimeliness.  Judge Easton also noted Curtis's appeal process and that he had multiple pending appeals.  Thus, there was nothing more that Judge Easton could have done to afford Curtis more procedural due process and there was no value in Judge Easton affording Curtis additional procedure.  Curtis could not amend his complaint to sufficiently state a civil

rights claim in any count of his complaint.  *See Eldridge*, 424 U.S. at 335; *Woldeab*, 885 F.3d at 1291-92.  Accordingly, we affirm as to this issue.

## B.  Statute of Limitations

Curtis also asserts the court did not correctly determine when the statute of limitations of his § 1983 claim began.  Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years.  *Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1302-03 (11th Cir. 2022); *see also* Fla. Stat. § 95.11(3).

Despite the reference to state law for determination of the limitations period, federal law determines when a federal civil rights claim accrues.  *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996).  "The general federal rule is that the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Id.* at 561-62 (quotation marks and alterations omitted).  A § 1983 cause of action accrues when a plaintiff should know (1) that he was injured, and (2) who inflicted the injury.  *Id.* at 562.  To analyze this issue, a court must first identify the injuries that the plaintiff allegedly suffered and then determine when the plaintiff could have sued for them.  *Id.*

The district court correctly determined that Curtis's constitutional challenge to Florida Statute § 794.03 was barred by the statute of limitations.  *See Doe*, 51 F.4th at 1302 (reviewing *de novo* the district court's interpretation and application of statutes of

24-12039            Opinion of the Court            7

limitations). Curtis knew he was injured as he asserted that he knew he was subject to an improper civil suit and subject to the costs of litigation in 2010. *See Rozar*, 85 F.3d at 562. Curtis also knew he could take legal action against Mislevy and Drechsel, as he knew Mislevy was "Jane Doe" based on his interactions with her on the boat which led to the civil action, and that Drechsel filed suit on Mislevy's behalf as a "Jane Doe" which Curtis contends was fictitious. *See id*. Thus, Curtis had until 2014 to file suit against Mislevy and Drechsel and did not do so until 2022, and his action is barred by the statute of limitations. *Doe*, 51 F.4th at 1302-03; Fla. Stat. § 95.11(3). Accordingly, we affirm as to this issue.

## C. Jurisdiction/Venue

Curtis challenges the district court's finding that it did not have diversity jurisdiction over his state law claims and argues the district court should have considered whether it had admiralty and maritime jurisdiction over his claims. The court determined that, even if Curtis sufficiently alleged diversity jurisdiction, it was not the proper venue for Curtis's state law claims, which occurred in Kentucky. *See* 28 U.S.C. § 1391(b)(1)-(2) (stating the appropriate venue for a civil action is a "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"). Curtis does not challenge the district court's venue finding, thus abandoning the issue on appeal. *See Sapuppo*, 739 F.3d at 680. Even

liberally construing Curtis's argument as challenging the district court's venue finding, the district court did not abuse its discretion in finding it was not the correct venue for the state law claims. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) ("We hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers."). Curtis's state law claims involve accounting and breach of fiduciary duty claims as well as tortious interference with a contract. The contract at issue was the Trust which established ownership over the Property, which was in Kentucky and the proceedings to establish such ownership all took place in Kentucky. 28 U.S.C. § 1391(b)(2). Though Curtis repeatedly asserted the Trust agreement's venue clause specified all matters pertaining to the Trust be litigated in Florida, no such clause exists in the Trust agreement. Rather, it only states that certain Florida laws govern the Trust. Thus, the court did not abuse its discretion in finding the venue was not proper for Curtis's state law claims, regardless of whether it had diversity jurisdiction to hear such claims. *See Algodonera De Las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005) (reviewing the district court's *sua sponte* dismissal of a lawsuit for lack of venue for an abuse of discretion).

Further, the district court did not err in failing to discuss admiralty jurisdiction as, though Curtis repeatedly asserted that it applied in his claims, he also demanded a jury trial, which would not have been available had admiralty jurisdiction applied. *See Romero*

*v. Bethlehem Steel Corp.*, 515 F.2d 1249, 1252 (5th Cir. 1975)[3] (noting general rule that admiralty claims are tried without a jury). The arguments before the district court are those of contended fictitious pleadings in Florida and Kentucky state courts, civil rights as related to these pleadings, and state law claims surrounding a Trust agreement and Property in Kentucky, to which admiralty and maritime jurisdiction does not apply. Thus, the district court did not err in finding the correct venue for Curtis's state law claims would be in Kentucky and Curtis's arguments on appeal are unavailing.

## II. CONCLUSION

Though the district court did not undertake the required claim-by-claim *Rooker-Feldman* analysis, the district court did not err in determining that Curtis failed to make a federal claim and that venue in Florida is improper. Accordingly, we affirm the district court's dismissal of Curtis's complaint.

**AFFIRMED.**

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.